## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | Civil Action No. |
|     ) | |
| COMMONWEALTH OF PENNSYLVANIA     ) | ELECTRONICALLY FILED |
| Department of General Services     ) | |
| Slippery Rock University of Pennsylvania,     ) | |
|     ) | |
|     Defendants.     ) | |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States

and at the request of the Administrator of the United States Environmental Protection Agency

("EPA"), brings this action against Defendants, the Commonwealth of Pennsylvania, the

Commonwealth of Pennsylvania's Department of General Services and Slippery Rock University

of Pennsylvania (collectively referred to as the "Defendants"), and alleges as follows:

### INTRODUCTION

1.      This is a civil action for civil penalties and injunctive relief pursuant to

Section 113(b) of the Clean Air Act, as amended, 42 U.S.C. § 7413(b)(the "Act"), for violations

by Defendants of the Act, the requirements established in the Commonwealth of Pennsylvania's

State Implementation Plan ("SIP") that was developed pursuant to Section 110(a) of the Act, 42

U.S.C. § 7410(a), and the requirements established in an operating permit issued pursuant to

Title V of the Act, 42 U.S.C. §§ 7661-7661f.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant

to Section 113(b) of the Act, as amended, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345 and

1355.

3.     Venue is proper in this District pursuant to Section 113(b) of the Act, 42

U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), and 1395(a) because the violations giving rise to

this action occurred in this District.

4.     Pursuant to Section 113(b) of the Act, as amended, 42 U.S.C. § 7413(b),

notice of the commencement of this action has been given to the Pennsylvania Department of

Environmental Protection ("PADEP").

## DEFENDANTS

5.     Defendant PA Department of General Services ("DGS"), is a Department of the

Commonwealth of Pennsylvania and as such is a person, as defined by Section 302(e) of the Act,

42 U.S.C. § 7602(e).

6.     The PA Department of General Services owns all of the land and buildings on the

campus of Slippery Rock University.

7.     Slippery Rock University of Pennsylvania ("SRU") is a person as defined by

Section 302(e) of the Act, 42 U.S.C. § 7602(e).  At all relevant times herein, SRU has operated

the facilities and buildings on its campus ("SRU facility").

8.     The Commonwealth of Pennsylvania is a person as defined by Section 302(e) of

the Act, 42 U.S.C. § 7602(e).

9.     PADEP has issued a Title V operating permit, No. TV 10-00062, issued and

2

effective on August 27, 2003 for the SRU facility.

10.    The utility plant at SRU currently has four boilers that can be used for the production of steam, which is used throughout the school, primarily, for steam heat to the various buildings.  Boiler Nos. 1, 2 and 4 combust both bituminous coal and natural gas for heat input to the boiler to convert boiler feedwater to steam.  Boiler No. 3 combusts only natural gas fuel.  The coal-fired boilers share a common stack.

## STATUTORY FRAMEWORK

11.    As set forth in Section 101(b)(1) of the Act, 42 U.S.C. § 7401(b)(1), the Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and the productive capacity of its population.

12.    Section 109 of the Act, 42 U.S.C. § 7409, requires EPA to promulgate regulations establishing primary and secondary national ambient air quality standards ("NAAQS") for certain air pollutants.  The primary NAAQS must be sufficient to protect the public health, allowing an adequate margin of safety, and the secondary NAAQS must be sufficient to protect the public welfare from any known or anticipated effects associated with the presence of the air pollutant in the ambient air.  Under Section 110(a) of the Act, 42 U.S.C. § 7410(a), each state is required to adopt and submit to EPA for approval a SIP which provides for the attainment and maintenance of each such NAAQS.

13.    On May 31, 1972 (37 Fed. Reg. 10889-91), pursuant to Section 110(a) of the Act, 42 U.S.C. § 7410(a), EPA approved the Pennsylvania SIP (40 C.F.R. § 52.2020), which includes Sections 123.11,123.41,127.25, and 127.444 of Title 25 of the Pennsylvania Code, 25 Pa. Code §§ 123.11,123.41,127.25, and 127.444.

8.     Pursuant to Section 302(q) of the Act, 42 U.S.C. § 7602(q), an applicable implementation plan is the implementation plan, or most recent revision thereof, which has been approved by EPA pursuant to Section 110 of the Act, 42 U.S.C. § 7410, or promulgated by EPA pursuant to Section 110(c) of the Act, 42 U.S.C. § 7410(c), and which implements the relevant requirements of the Act.

9.     40 C.F.R. § 52.23 provides, inter alia, that any failure by a person to comply with any provision of 40 C.F.R. Part 52, or with any approved regulatory provision of SIP, shall render such person in violation of the applicable SIP, and subject to an enforcement action pursuant to Section 113 of the Act, 42 U.S.C. § 7413.

10.     Title V of the Act, 42 U.S.C. §§ 7661-7661f, establishes an operating permit program for certain sources, including "major sources."  Pursuant to Section 502(b) of the Act, 42 U.S.C. § 7661 a(b), EPA promulgated regulations implementing the requirements of Title V and establishing the minimum elements of a permit program to be administered by any state or local air pollution control agency. 57 Fed. Reg. 32250 (July 21, 1992).  These regulations are codified at 40 C.F.R. Part 70. U.S. EPA promulgated final approval of the Pennsylvania Title V program on August 29, 1996. 40 C.F.R. Part 70, Appendix A.  Pennsylvania's Title V program became effective on that date. 61 FR 39597.  The Pennsylvania regulations governing the Title V permitting program are located at 25 Pa. Code §§ 127.401-127.464

11.     Section 502(a) of the Act, 42 U.S.C. § 7661a(a), and 25 Pa. Code § 127.444 have at all relevant times made it unlawful for any person to violate any requirement of an operating permit issued under Title V or to operate except in compliance with a permit issued by a permitting authority under Title V.

4

12.     Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), provides that:

> Whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator shall notify the person and the State in which the plan applies of such finding. At any time after the expiration of 30 days following the date on which such notice of a violation is issued, the Administrator may...

* * *

> (C) bring a civil action in accordance with subsection (b) of this section.

13.     Section 113(a)(3) of the Act, 42 U.S.C. § 7413(a)(3), provides that "[e]xcept for a requirement or prohibition enforceable under the preceding provisions of this subsection, whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated, or is in violation of, any other requirement or prohibition of this subchapter... the Administrator may... bring a civil action in accordance with subsection (b) of this section ...."

14.     Section 113(b) of the Act, 42 U.S.C. § 7413(b), authorizes the Administrator to initiate a judicial enforcement action for a permanent or temporary injunction and/or for civil penalties against any person whenever such person has violated, or is in violation of, any requirement or prohibition of an applicable implementation plan, and other requirements of the Act.

## NOTICES

15.     EPA issued a Notice of Violation to Defendants for violations of the Act and the Pennsylvania SIP at Slippery Rock University on January 22, 2009.

16.     EPA has provided notice of the violations of the Act and the Pennsylvania SIP alleged

herein to PADEP in accordance with Section 113 of the Act, 42 U.S.C. § 7413.

17.     The 30-day period established in Section 113, 42 U.S.C. § 7413, between the notices

of violation provided by the United States and the commencement of this civil action has elapsed.

FIRST CLAIM FOR RELIEF
(Visible Emissions Violations)

18.     The allegations of paragraphs 1 through 18 above are realleged and fully

incorporated herein by reference.

19.     From at least February 6, 2003, the SRU facility has emitted pollutants,

including particulate matter, while owned and/or operated by Defendants.  The sources of these

pollutants include SRU's coal-fired boilers.

20.     The Pennsylvania SIP restricts visible emissions from sources at the Facility,

including, but not limited to, SRU's coal-fired boilers.  At all times relevant herein, Section

123.41 of Title 25 of the Pennsylvania Code, 25 Pa. Code § 123.41, has provided, in relevant part,

as follows: "A person may not permit the emission into the outdoor atmosphere of visible air

contaminants in such a manner that the opacity of the emission is either of the following: (1)

Equal to or greater than 20% for a period or periods aggregating more than 3 minutes in any 1

hour.  (2) Equal to or greater than 60% at any time."

21.     At all relevant times, the SRU Facility has been subject to 25 Pa. Code §

123.41.

22.     From at least February 6, 2003, Defendants have repeatedly violated the

requirements of 25 Pa. Code § 123.41 by emitting or permitting the emission of visible emissions

that have exceeded the visible emission limits established by 25 Pa. Code § 123.41.

6

23.     Unless restrained by an order of this Court, the violations of the Act alleged in this First Claim for Relief will continue.

24.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

## SECOND CLAIM FOR RELIEF
(Particulate Matter Emissions Violations)

25.     The allegations of paragraphs 1 through 25 above are realleged and fully incorporated herein by reference.

26.     From at least July 9, 2007, the SRU facility has emitted pollutants, including particulate matter, while owned and operated by Defendants.  The sources of these pollutants include the SRU facility's coal-fired boilers.

27.     The Pennsylvania SIP restricts particulate matter emissions from sources at the SRU facility, including, but not limited to, the SRU facility's coal-fired boilers.  At all times relevant herein, Section 123.11 of Title 25 of the Pennsylvania Code, 25 Pa. Code § 123.11, has provided, in relevant part, that a person may not permit the emission into the outdoor atmosphere of particulate matter from a combustion unit in excess of the rate of 0.4 pound particulate matter per million British Thermal Units ("lb. PM/MM Btu") of heat input.

28.     At all relevant times, the SRU facility has been subject to 25 Pa. Code §

7

123.11.

29.     From at least July 9, 2007, Defendants have repeatedly violated the

requirements of 25 Pa. Code § 123.11 by emitting or permitting the emission of particulate matter

emissions that have exceeded the particulate matter limits established by 25 Pa. Code §123.11.

30.     Unless restrained by an order of this Court, the violations of the Act alleged in this

Second Claim for Relief will continue.

31.     As provided in Section 113 (b) of the Act, 42 U.S.C. § 7413(b), the violations set

forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for

each such violation occurring after March 15, 2004, and $37,500 per day for each such violation

occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation

Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg.

75346 (Dec. 11, 2008).

### THIRD CLAIM FOR RELIEF
(Violations of Title V Operating Permits)

32.     The allegations of paragraphs 1 through 32 above are realleged and fully

incorporated herein by reference.

33.     The Pennsylvania SIP also includes 25 Pa. Code §127.444, which provides that

"[a] person may not cause or permit the operation of a source subject to this article unless the

source and air cleaning devices identified in the application for the plan approval and operating

permit and the plan approval issued to the source are operated and maintained in accordance with

specifications in the application and conditions in the plan approval and operating permit issued

by the Department."

34.     The Pennsylvania SIP includes 25 Pa. Code § 127.25, which provides that "[a] person may not permit the operation of a source subject to § 127.11 (relating to plan approval requirements), unless the source and air cleaning devices identified in the application for the plan approval and the plan approval issued to the source, are operated and maintained in accordance with specifications in the application and conditions in the plan approval issued by the Department. A person may not cause or permit the operation of an air contamination source subject to this chapter in a manner inconsistent with good operating practices."

35.     The SRU Title V Permit incorporates 25 Pa. Code §§ 123.11 and 123.41 of the federally enforceable Pennsylvania SIP as restrictions on the SRU Facility.

36.     As alleged above, Defendants have repeatedly violated the requirements of 25 Pa. Code §§ 123.11 and 123.41 by emitting or permitting the emission of visible emissions that have exceeded the visible emission limits established by 25 Pa. Code § 123.41 and by emitting or permitting the emission of particulate matter in excess of the particulate matter emission limits in 25 Pa. Code § 123.11 at the SRU Facility.  Since February 6, 2003 Defendants have violated the Title V Permit by repeatedly violating the requirements of 25 Pa. Code §§ 123.11 and 123.41 by emitting particulate matter in excess of the Pennsylvania SIP limit on particulate matter and by emitting visible emissions in excess of the Pennsylvania SIP limit on visible emissions at the SRU Facility.

37.     Defendants' violations of the Title V Permit are violations of Section 502 of the Act, 42 U.S.C. § 7661a, and 25 Pa. Code §§ 127.25 and 127.444 of the Pennsylvania SIP.

38.     Unless restrained by an order of this Court, the violations of the Act alleged in this Third Claim for Relief will continue.

9

39.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413 (b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

## PRAYER FOR RELIEF

WHEREFORE, based upon all the foregoing allegations, the United States of America requests that this Court:

1.     Permanently enjoin Defendants from operating the SRU facility except in accordance with the Clean Air Act, the Pennsylvania SIP, and SRU's Title V Permit;

2.     Order Defendants to remedy their past violations by, among other things, requiring Defendants to install emissions control technology for particulate matter for the coal fired boilers as necessary to comply with the Clean Air Act and the Pennsylvania SIP;

3.     Assess civil penalties against Defendants for violations of applicable provisions of the CAA as well as their implementing regulations and permits issued thereunder of up to $32,500 per day of violation occurring on or after March 15, 2004 and $37,500 per day of violation occurring on or after January 12, 2009;

4.     Award Plaintiff its costs and disbursements of this action; and,

5.     Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ROBERT D. BROOK
Assistant Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-2738

DAVID J. HICKTON
United States Attorney


s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
PA ID No. 30440